ORAL ARGUMENT REQUESTED

Case No. 7:21-cv-05867-CS

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

---

In re

53 STANHOPE LLC, et al.,[1]

Debtors.

---

BROOKLYN LENDER LLC,

Appellant,

-v.-

53 Stanhope LLC, et al.,

Appellees.

---

Appeal from the United States Bankruptcy Court for the
Southern District of New York, Bankr. Case No. 19-23013 (RDD)

---

**BROOKLYN LENDER LLC'S BRIEF ON APPEAL**

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: 53 Stanhope LLC (4645); 55 Stanhope LLC (4070); 119 Rogers LLC (1877); 127 Rogers LLC (3901); 325 Franklin LLC (5913); 618 Lafayette LLC (5851); C & YSW, LLC (2474); Natzliach LLC (8821); 92 South 4th St LLC (2570); 834 Metropolitan Avenue LLC (7514); 1125-1133 Greene Ave LLC (0095); APC Holding 1 LLC (0290); D & W Real Estate Spring LLC (4591); Meserole and Lorimer LLC (8197); 106 Kingston LLC (2673); Eighteen Homes LLC (8947); 1213 Jefferson LLC (4704); 167 Hart LLC (1155) (collectively, the "Debtors").

**KASOWITZ BENSON TORRES LLP**
David S. Rosner (drosner@kasowitz.com)
Jennifer S. Recine (jrecine@kasowitz.com)
Matthew B. Stein (mstein@kasowitz.com)
1633 Broadway
New York, NY 10019
Telephone No.: (212) 506-1700
Facsimile No.: (212) 506-1800

*Counsel for Brooklyn Lender LLC*

## **CORPORATE DISCLOSURE STATEMENT**

Appellant Brooklyn Lender LLC is a limited liability company. It has no parent corporation and no public corporation owns 10% or more of interests in the company.

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION AND SUMMARY OF ARGUMENT ........................................... 1

JURISDICTIONAL STATEMENT ....................................................................... 2

STATEMENT OF ISSUES PRESENTED ON APPEAL ........................................ 2

STATEMENT OF THE CASE ............................................................................. 3

STANDARD OF REVIEW .................................................................................. 4

ARGUMENT ..................................................................................................... 4

CONCLUSION .................................................................................................. 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*ASM Capital LP v. Ames Dep't Stores, Inc. (In re Ames Dep't Stores, Inc.)*,
  582 F.3d 422 (2d Cir. 2009) ............................................................................. 4

*Babitt v. Vebeliunas (In re Vebeliunas)*,
  332 F.3d 85 (2d Cir. 2003) ............................................................................... 4

*SP Special Opportunities, LLC v. Lightsquared Inc.* (*In re LightSquared, Inc.*),
  539 B.R. 232 (S.D.N.Y. 2015) ......................................................................... 2

*United States v. U.S. Gypsum Co.*,
  333 U.S. 364 (1948) ......................................................................................... 4

*Wells Fargo Bank, N.A. v. Weidenbenner (In re Weidenbenner)*,
  No. 15-CV-244 (KMK), 2019 WL 1856276 (S.D.N.Y. Apr. 25, 2019) ........................................................................................................... 4

Appellant Brooklyn Lender LLC ("Brooklyn Lender") respectfully submits this brief on appeal of the Bankruptcy Court's order dated June 11, 2021 (the "53 Stanhope Confirmation Order," Bankr. Dkt. No. 285[2]) confirming the *Corrected Fourth Amended Plan of Reorganization for 53 Stanhope LLC, 325 Franklin LLC, 618 Lafayette LLC, 92 South 4th St LLC, 834 Metropolitan Avenue LLC, 1125-1133 Greene Ave LLC, and 1213 Jefferson LLC* (the "53 Stanhope Plan" or the "Sale Plan," Bankr. Dkt. No. 245, Ex. A).[3]

### INTRODUCTION AND SUMMARY OF ARGUMENT

The 53 Stanhope Confirmation Order should be reversed because it bases the amount of Brooklyn Lender's claim on the Bankruptcy Court's erroneous denial of default interest in the Disallowance Order. Brooklyn Lender has appealed the Disallowance Order. As set forth in Brooklyn Lender's briefs in the Disallowance Order Appeal, the Bankruptcy Court's disallowance of default interest in full as to

---

[2]   "Bankr. Dkt. No. __" refers to docket entries in the Chapter 11 proceedings below. "Dkt No. __" refers to docket entries in this appeal.

[3]   Capitalized terms not defined herein shall have the same definitions as ascribed in the 53 Stanhope Plan or in Brooklyn Lender's opening brief on appeal (the "Disallowance Order Appeal Brief") in related Case No. 21-cv-02807-CS pending before this Court (the "Disallowance Order Appeal"), as appropriate. "Disallowance Appeal Dkt. No. __" refers to docket entries in the Disallowance Order Appeal.

the Ownership Defaults and Bankruptcy Defaults, and in part as to the Encumbrance Defaults, was predicated on multiple errors of law and fact and should be reversed.

The 53 Stanhope Confirmation Order incorporates the Bankruptcy Court's previous erroneous rulings by approving a plan that would pay Brooklyn Lender only its "Allowed Claim" amount—which by definition excludes the default interest that is currently the subject of the Disallowance Order Appeal. If the Court reverses the Disallowance Order, the 53 Stanhope Confirmation Order should also be reversed.

## JURISDICTIONAL STATEMENT

Brooklyn Lender appeals the Bankruptcy Court's order disallowing portions of Brooklyn Lender's claims. This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a). *SP Special Opportunities, LLC v. Lightsquared Inc.* (*In re LightSquared, Inc.*), 539 B.R. 232, 234 n.2 (S.D.N.Y. 2015) (confirmation of a plan in Chapter 11 proceedings is a final order).

## STATEMENT OF ISSUES PRESENTED ON APPEAL

Whether the Bankruptcy Court erred by entering the 53 Stanhope Confirmation Order, which bases the amount of Brooklyn Lender's claim on the Bankruptcy Court's denial of default interest in the Disallowance Order, when that denial remains subject to the pending Disallowance Order Appeal?

## STATEMENT OF THE CASE

The 53 Stanhope Plan provides for a sale of the Properties. (Bankr. Dkt. No. 245, Ex. A at 11.) Sale proceeds are to be used to make Effective Date payments, including payment of Brooklyn Lender's claim "***up to the Allowed Amount*** . . . plus interest at the applicable contractual rate as it accrues from the Petition Date through the date of payment." (*Id.* at 8 (emphasis added).)

The "Allowed Amount" of Brooklyn Lender's claim is based on the Bankruptcy Court's disallowance of Brooklyn Lender's claims for default interest in full as to the Ownership and Bankruptcy Defaults, and in part as to the Encumbrance Defaults. (*See generally* Bankr. Dkt. Nos. 191, 192.)

On March 5, 2021, Brooklyn Lender appealed the Disallowance Order, seeking to reverse the Bankruptcy Court's disallowance of Brooklyn Lender's claims. (Bankr. Dkt. No. 193.) The Disallowance Order Appeal is fully briefed and pending before this Court. (*See* Disallowance Appeal Dkt. Nos. 5, 15, 16.)

On June 11, 2021, the Bankruptcy Court entered the 53 Stanhope Confirmation Order approving the 53 Stanhope Plan and setting Brooklyn Lender's claim without the default interest at issue in the Disallowance Order Appeal. (Bankr. Dkt. No. 285.) On June 25, 2021, Brooklyn Lender filed its notice of appeal. (Bankr. Dkt. No. 291.)

## STANDARD OF REVIEW

"A district court reviews a bankruptcy court's conclusions of law de novo, its discretionary decisions for abuse of discretion, and its findings of fact for clear error." *Wells Fargo Bank, N.A. v. Weidenbenner (In re Weidenbenner)*, No. 15-CV-244 (KMK), 2019 WL 1856276, at *2 (S.D.N.Y. Apr. 25, 2019) (reversing and remanding orders); *see also ASM Capital LP v. Ames Dep't Stores, Inc. (In re Ames Dep't Stores, Inc.)*, 582 F.3d 422, 426 (2d Cir. 2009) ("The bankruptcy court's legal conclusions are evaluated de novo; its findings of fact are subject to a clearly erroneous standard."). Mixed questions of fact and law are subject to *de novo* review. *Babitt v. Vebeliunas (In re Vebeliunas)*, 332 F.3d 85, 90 (2d Cir. 2003). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

## ARGUMENT

The 53 Stanhope Confirmation Order should be reversed because it bases the amount of Brooklyn Lender's claim on the Bankruptcy Court's erroneous denial of default interest in the Disallowance Order. (*See generally* Bankr. Dkt. Nos. 191, 192, 245 at Ex. A, 285.) Brooklyn Lender has appealed the Disallowance Order. (Bankr. Dkt. No. 193.) As set forth more fully in Brooklyn Lender's briefsin the

Disallowance Order Appeal (Disallowance Appeal Dkt. Nos. 5, 16), which are incorporated herein by reference, the Disallowance Order was erroneous for the following reasons:

*First*, the Bankruptcy Court erred in determining that the Ownership Defaults are not enforceable under New York law.  The Bankruptcy Court held that defaults are enforceable only if they impair security or the lender's ability to be repaid on the loan.  This is not the law.  Rather, New York courts have determined that contracts should be enforced as written except in rare circumstances involving fraud, bad faith, or unconscionable conduct.  The Bankruptcy Court did not find Brooklyn Lender engaged in such conduct here.  Even assuming for the sake of argument that the standard set forth by the Bankruptcy Court was correct, the Ownership Defaults are enforceable because, like breaches of due-on-sale clauses, they necessarily impair security and the lender's ability to be repaid by depriving the lender of its choice of borrower, and who, among other things, controls its collateral.

Moreover, the Ownership Defaults were material.  The loan application documents are explicit and unequivocal that "true, accurate, and complete disclosure" of ownership was required and ownership representations were of "material importance" to the lender—which the lender's testimony and underwriting memoranda confirm.  The federal regulatory regime (including Patriot Act, AML, OFAC, and KYC regulations) further reinforce that the Debtors' misrepresentations

of ownership were material. These laws and regulations require financial institutions to know the ownership structure of the borrower, and who controls the borrower, so that they can (i) accurately assess the risk of, and report, money laundering, terrorist funding, and other suspicious activity, and (ii) avoid transactions that would benefit sanctioned persons. Without the borrower's accurate disclosure of ownership and control, a lender simply cannot meet its obligations under the law, which, as the Bankruptcy Court recognized, puts the lender at risk of violating these laws and regulations.

**Second**, the Bankruptcy Court mistakenly concluded that a lender cannot recover default interest for a Bankruptcy Default where the borrower is current on payment and the only default is the bankruptcy filing. Courts in this District routinely grant default interest under such circumstances. The cases relied upon by the Bankruptcy Court are inapposite because they involved insolvent debtors. In solvent debtor cases like this one, it is well-established equitable principles favor payment of default interest to creditors before recovery by equity.

**Third**, the denial of default interest as to the Encumbrance Defaults was erroneous; the Debtors failed to pay the 618 Lafayette LLC and Eighteen Homes LLC debt when validly accelerated. The failure to pay the matured debt was a payment default for which default interest accrues under the loan agreements. There is no basis to deny default interest on those payment defaults.

The 53 Stanhope Confirmation Order incorporates the foregoing erroneous rulings by approving a plan that would pay Brooklyn Lender only its "Allowed Claim" amount—which by definition excludes the default interest that is currently the subject of the Disallowance Order Appeal. (*See* Bankr. Dkt. Nos. 245 at Ex. A, 285.) If the Court reverses the Disallowance Order, the 53 Stanhope Confirmation Order should also be reversed.

## CONCLUSION

Based on the foregoing, Brooklyn Lender respectfully requests that this Court reverse the 53 Stanhope Confirmation Order.

Dated:   August 30, 2021
         New York, New York

                KASOWITZ BENSON TORRES LLP

                By: /s/ Jennifer S. Recine
                     Jennifer S. Recine
                     David S. Rosner
                     Matthew B. Stein
                     1633 Broadway
                     New York, New York 10019
                     Tel.: (212) 506-1700
                     Fax: (212) 506-1800

                *Counsel for Brooklyn Lender LLC*

**Certificate of Compliance With Rule 8015(a)(7)(B)**

This brief complies with the type-volume limitation of Rule 8015(a)(7)(B) because this brief contains 1,408 words, excluding the parts of the brief exempted by Rule 8015(g).

Dated:   August 30, 2021
         New York, New York

                              KASOWITZ BENSON TORRES LLP


                              By: /s/ Jennifer S. Recine
                                  Jennifer S. Recine
                                  David S. Rosner
                                  Matthew B. Stein
                                  1633 Broadway
                                  New York, New York 10019
                                  Tel.: (212) 506-1700
                                  Fax: (212) 506-1800

                              *Counsel for Brooklyn Lender LLC*