**ORAL ARGUMENT REQUESTED**

Case No. 7:21-cv-05867-cs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re

53 STANHOPE LLC, et al,[1].

Debtors.

---

BROOKLYN LENDER LLC,

Appellant,

-v-

53 STANHOPE LLC, et al.

Appellees

---

Appeal from the United States Bankruptcy Court for the
Southern District of New York, Bankr. Case No. 19-23013 (RDD)

---

**DEBTORS' APPELLEE BRIEF**

> ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN,
> FORMATO, FERRARA, WOLF & CARONE, LLP
> Andrea J. Caruso (acaruso@abramslaw.com)
> John Cahalan (jcahalan@abramslaw.com)
> 1 Metrotech Center, Suite 1701
> Brooklyn, NY 11201
> 718-215-5300
> *Counsel for Debtors*

---

[1] The Debtors are as follows: 53 Stanhope LLC, 55 Stanhope LLC, 119 Rogers LLC, 127 Rogers LLC, 325 Franklin LLC, 618 Lafayette LLC, C & YSW, LLC, Natzliach LLC, 92 South 4th St LLC, 834 Metropolitan Avenue LLC, 1125-1133 Greene Ave LLC, APC Holding 1 LLC, D&W Real Estate Spring LLC, Meserole and Lorimer LLC, 106 Kingston LLC, Eighteen Homes LLC, 1213 Jefferson LLC, and 167 Hart LLC (collectively, the "Debtors").

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

SUMMARY OF THE ARGUMENT ........................................................................1

STANDARD OF REVIEW .......................................................................................3

ARGUMENT .............................................................................................................4

CONCLUSION ..........................................................................................................7

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*In re Acis Capital Mgt., L.P.*,
   604 BR 484 (ND Tex 2019) *appeal dismissed as moot sub nom; Matter of Acis Capital Mgt. G.P.,L.L.C.,* 850 Fed Appx 300 (5th Cir 2021), and *aff'd sub nom. Matter of Acis Capital Mgt.,L.P., 850Fed* Appx 302 (5th Cir 2021) ...................... 4

*In re Enron N. Am. Corp.*,
   312 BR 27 (S.D.N.Y. 2004) .................................................................................. 3

*In re Flanagan*,
   503 F.3d 171 (2d Cir. 2007) ................................................................................. 3

Statutes

28 U.S.C. § 158(a) ..................................................................................................... 3

Rules

Fed. R. Bankr. P. 8013 ............................................................................................... 3

Appellees, 53 Stanhope LLC, 325 Franklin LLC, 618 Lafayette LLC, 92 South 4th St LLC, 834 Metropolitan Avenue LLC, 1125-1133 Greene Ave LLC and 1213 Jefferson LLC (collectively "Appellees" or "Debtors") respectfully submit this brief in response to Appellant Brooklyn Lender's appeal of the Bankruptcy Court's order dated June 11, 20201 (the "53 Stanhope Confirmation Order"), which confirmed the *Corrected Fourth Amended Plan of Reorganization for 53 Stanhope LLC, 325 Franklin LLC, 618 Lafayette LLC, 92 South 4th St LLC, 834 Metropolitan Avenue LLC, 1125-1133 Greene Ave LLC, and 1213 Jefferson LLC* (the "Sale Plan") (Bankr. Dkt. No. 245, Ex. A).

## SUMMARY OF THE ARGUMENT

Brooklyn Lender's appeal of the 53 Stanhope Confirmation Order is nothing more than a thinly veiled attempt to seek a stay of the Bankruptcy Court's Modified Bench Ruling and Order dated February 19, 2021 (the "Bench Ruling"), which is currently the subject of a pending appeal that is *sub judice* before this Court. Brooklyn Lender does not actually seek a stay of the Bench Ruling, which disallowed certain of Brooklyn Lender's claims for default interest and legal fees, nor does Brooklyn Lender provide any authority for why the Court could or should

1

issue a stay pending appeal or explain how the existence of a pending appeal creates a separate issue for appeal in this instance.[2]

This appeal is especially disingenuous because at the hearing before the Bankruptcy Court regarding the approval of the Sale Plan, held on May 27, 2021 (Bankr. Dkt. No. 290-30), Brooklyn Lender asserted "there is no objection" to the Sale Plan.  At that hearing, Judge Drain explained — and the Debtors and Brooklyn Lender agreed — that the Sale Plan provides Brooklyn Lender with payment up to the allowed amount of its claim, but the Sale Plan did not actually determine the allowed amount of Brooklyn Lender's claim.  *Id.* at 17. Judge Drain further explained that the Sale Plan was a "waterfall plan" and the issue of the allowance of Brooklyn Lender's aggregate claim, which would include a claim that Brooklyn Lender asserted for legal fees, is not fixed in the Sale Plan. *Id.*  There is nothing in Brooklyn Lender's appeal that can square their current argument with those undisputed facts.

Debtors will not reiterate all of the reasons that the Bench Ruling was proper and in accordance with prevailing law, as those reasons are fully set forth in Debtors' Appellee Brief, dated July 21, 2021, in the related appeal under Case No. 21-cv-

---

[2] Brooklyn Lender did seek a stay pending appeal of the "D&W Confirmation Order" entered June 9, 2021 confirming the *Corrected Second Amended Plan of Reorganization for D&W Real Estate Spring LLC and Meserole and Lorimer LLC*.  That stay was denied both by the Bankruptcy Court and this Court.

02807-CS, which is incorporated by reference herein. (Case No. 21-cv-02807-CS Dkt. No. 15). Indeed, the record demonstrates that Brooklyn Lender acted as a predatory lender who bought up debt that was in good standing with a commercial bank and immediately declared non-existent material defaults based upon purported ownership disclosure defaults. The Bankruptcy Court was in a unique position to judge the validity of those purported defaults, the credibility of witnesses, and apply prevailing law. The Court conducted a five-day hearing, covering multiple factual and expert witnesses, and issued a thorough, well-reasoned and supported 52-page bench ruling, which should not be disturbed.

However, for purposes of this appeal, Brooklyn Lender has cited no facts nor any law that suggests that the Bankruptcy Court erred in confirming the Sale Plan before the appeal of the Bench Ruling was decided. That is the sole issue before the Court and warrants denial of this appeal and affirmance of the 53 Stanhope Confirmation Order.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 158(a), district courts have appellate jurisdiction over final judgments of bankruptcy courts. A district court generally reviews the findings of fact of a bankruptcy court under a "clearly erroneous" standard, *see* Fed. R. Bankr. P. 8013, but conclusions of law are reviewed *de novo*. *In re Enron N. Am. Corp.,* 312 BR 27, 28 (S.D.N.Y. 2004); *In re Flanagan*, 503 F.3d 171, 179 (2d Cir.

3

2007) ("bankruptcy court's factual findings will be upheld unless clearly erroneous").

"If the trier of fact's account of the evidence is plausible in light of the record viewed in its entirety, the appellate court may not reverse it." *In re Acis Capital Mgt., L.P.,* 604 BR 484, 506 (ND Tex 2019), *appeal dismissed as moot sub nom; Matter of Acis Capital Mgt. G.P., L.L.C.,* 850 Fed Appx 300 (5th Cir 2021), and *aff'd sub nom. Matter of Acis Capital Mgt., L.P.,* 850 Fed Appx 302 (5th Cir 2021). "The bankruptcy judge's unique perspective to evaluate the witnesses and to consider the entire context of the evidence must be respected." *Id.*

## ARGUMENT

Brooklyn Lender provides no basis to reverse the 53 Stanhope Confirmation Order. Indeed, the sole argument Brooklyn Lender raises on this appeal is that the 53 Stanhope Confirmation Order is erroneous because it bases the amount of Brooklyn Lender's allowed claim on the Bankruptcy Court's denial of default interest in the Bench Ruling. However, Brooklyn Lender has not obtained a stay of the Bench Ruling pending its appeal, which is currently *sub judice*. Had Brooklyn Lender obtained such a stay, then potentially additional amounts would be escrowed pending the decision of the appeal of the Bench Ruling. In the current procedural posture, however, Brooklyn Lender has cited no facts or law that suggests that the

Bankruptcy Court erred in confirming the Sale Plan before the appeal of the Bench Ruling was decided.

In truth, the Sale Plan did not delineate the amount of Brooklyn Lender's allowed claim. Indeed, at the May 27, 2021 hearing, in response to Brooklyn Lender's purported objection, Judge Drain stated that the "actual treatment provision [in the Sale Plan] doesn't specify the allowed amount of the claim, it just says that the allowed amount of the claim, I believe, will be paid." (Bankr. Dkt. No. 290-30 at 16). The Bankruptcy Court correctly identified the Sale Plan as a "waterfall plan" and specifically asked counsel for Brooklyn Lender: "Now that it is clear that this is a waterfall plan and the issue of the allowance of Brooklyn Lender's aggregate claim, which would include a claim that they've asserted for legal fees, is not fixed in the plan, i.e. it's a waterfall plan, is there an objection?" (Bankr. Dkt. No. 290-30 at 16-17). In response, counsel for Brooklyn Lender replied: "There is no objection, we just need to find time to appropriately litigate the amount of the claim." (Bankr. Dkt. No. 290-30 at 17). Thereafter, the Court conducted a short examination of the Debtors' witness, after which it confirmed the Sale Plan after no other objections were raised.

Brooklyn Lender offers nothing in the face of these undisputed facts. Indeed, the sole focus of Brooklyn Lender's appeal of the 53 Stanhope Confirmation Order is detailing why it believes that the Bankruptcy Court erred in the Bench Ruling. For

the reasons set forth in Debtors' brief on Brooklyn Lender's pending appeal of the Bench Ruling, the Bankruptcy Court committed no reversible error. (Case No. 21-cv-02807-CS Dkt. No. 15). The Bankruptcy Court correctly held that any purported default based upon ownership disclosure would not serve as a basis for acceleration of enforcement of default interest. Among other things, based upon the evidence presented, the Bankruptcy Court correctly found that is not clear that the loan applications at issue sufficiently solicited disclosure of ownership interests and the Bankruptcy Court found no evidence that Signature Bank's collateral or ability to be repaid was in any way affected by such failure to disclose. Indeed, the Bankruptcy Court found based upon the testimony of Signature Bank's representative, who originated all of these loans, that Signature Bank has *never* called a non-monetary default. Based upon these factual findings, the Court properly applied prevailing case law and denied Brooklyn Lender the default interest from the inception of the loans that Brooklyn Lender sought. The Bankruptcy Court was in a unique position to judge the validity of those purported defaults, the credibility of witnesses, and apply prevailing law after conducting a five-day hearing, covering multiple factual and expert witnesses, which resulted in a well-reasoned and supported 52-page bench ruling. On appeal, Brooklyn Lender presented no basis to disturb that ruling.

However, for purposes of the current appeal, Brooklyn Lender presents no facts or applicable case law that suggests that the Bankruptcy Court erred in

confirming the Sale Plan before the appeal of the Bench Ruling was decided. Thus, the appeal should be denied, and the 53 Stanhope Confirmation Order should be affirmed.

## CONCLUSION

Based on the foregoing, this Court should affirm the 53 Stanhope Confirmation Order.

Dated:     September 29, 2021
           Brooklyn, New York

Respectfully submitted,

**ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP**
*Attorneys for the Debtors- Appellees*

*Andrea J. Caruso*
Andrea J. Caruso, Esq.
John Cahalan, Esq.
1 Metrotech Center, Suite 1701
Brooklyn, New York 11201
(718) 215-5300

**BACKENROTH FRANKEL & KRINSKY, LLP**
*Attorneys for the Debtors- Appellee*

s/Mark A. Frankel
Mark A. Frankel, Esq.
800 Third Avenue
New York, New York 10022
(212) 593-1100

## Certificate of Compliance With Rule 8015(a)(7)(B)

This brief complies with the type-volume limitation of Rule 8015(a)(7)(B) because this brief contains 1,456 words, excluding the parts of the brief exempted by Rule 8015(g).

Dated:   September 29, 2021
         Brooklyn, New York

                                      Andrea J. Caruso, Esq.
                                      Abrams, Fensterman, Fensterman,
                                      Eisman, Formato, Ferrara, Wolf & Carone LLP
                                      Attorneys for Debtors-Appellees
                                      1 Metrotech Center, Suite 1701
                                      Brooklyn, New York 11201
                                      718-215-5300